## Elliott v. Green.

June 11, 1943.

Cleon K. Calvert for appellant.

Davis & Edwards for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The appellee, Maxine Green, as plaintiff below, filed this ejectment action against appellant and defendant

below, George Elliott, by which she sought to recover from him a small parcel of land 100 feet wide, with a brick residence on it, lying immediately at the rear of lots 2 and 3 in block 1 in Pine Mountain Coal and Iron Company's addition to the city of Pineville, which was made in 1888 by a plat duly acknowledged, copies of which are filed with the record. On the plat lots 2 and 3 are shown to run between Cherry Street and Cumberland Avenue, the latter nearly paralleling Cherry Street at that point and practically paralleling Cumberland river at the same place. The owner of the lots platted also owned the land between them and the Cumberland river, the title to which on August 16, 1911, was owned by the Continental Coal Corporation of Cheyenne, Wyoming. On that day it conveyed to Arthur J. Patterson some or all of its landed estate on that side of Cumberland river, including lots 2 and 3 and the land between them and the Cumberland river. On January. 9, 1922, Patterson and wife conveyed a parcel of land to Rice W. Johnson, including lots 2 and 3 supra, and in the description (after naming the lots) this was added: "crossing Cumberland Avenue to the west side of Cumberland river at low water mark; thence down said river, with low water mark to a point where the line between lots 1 and 2 in said block if extended would intersect same; thence leaving the edge of said river and running N 63-54 W., crossing Cumberland Avenue and continuing the same course with line between Lots 1 and 2 of said block to the east line of Cherry Street; thence with the East line of Cherry Street S 26-06 W 50 feet to the Beginning, and being all of lots 2 and 3 in block 1, *and running back with parallel lines of said lots to Cumberland River at low water mark, excluding therefrom that portion of Cumberland Avenue running through same."* (Our italics.)

On May 11, 1927, Johnson and wife conveyed the same property to Arthur Lee Powers, and in his deed describing the property conveyed this was said: "And being the same property conveyed to the first party by A. G. Patterson and wife A. M. Patterson, by deed dated January 9, 1922," etc. Powers borrowed from an insurance company in Cincinnati $5,000, secured by a mortgage on the property—described as running to the river —with which to erect a residence on lots 2 and 3, which he did. He was unable to meet the stipulated payments of his mortgage indebtedness, and on May 23, 1930, he

reconveyed the property to Johnson from whom he had obtained it, and in that description it was said: "Being the same property conveyed to Arthur Lee Powers, party of the first part by deed from R. W. Johnson and his wife, bearing date May 11, 1927," and in which Johnson assumed the payment of the balance due on the mortgage as a part of the consideration for the reconveyance. In the meantime W. J. Foley acquired some interest in the property and on December 7, 1937, Johnson and wife, in conjunction with Foley, conveyed the same property to plaintiff, Maxine Green, who assumed the balance of the mortgage given by Powers and some other indebtedness. The description of the property so conveyed said: "All of lots 2 (two) and 3 (three) in Block 1 (one) of the Pine Mountain Iron and Coal Company's Addition to the City of Pineville as shown by map and plat thereof on file in the Bell County Court Clerk's office; and being that property conveyed to R. W. Johnson of the first part by deed from Arthur L. Powers et al., bearing date May 23, 1930, of record in Deed Book 102, at page 540, of the Bell County Court Clerk's Office."

Plaintiff, after obtaining her deed, was doubtful of the sufficiency of the description therein to embrace and include any other land than lots 2 and 3 supra, as shown on the plat, and she filed an action in the Bell circuit court against Johnson and wife for a reformation of her deed so as to expressly state that her purchase extended to the Cumberland river so as to include the land back of those lots between Cumberland Avenue and the river. She was successful in that litigation, in which the court adjudged that her deed from Johnson et al. embraced the land between Cumberland Avenue and Cumberland river. Before she filed that action for reformation of her deed Johnson offered to sell the parcel of land here involved—lying back of lots 2 and 3—to various persons among whom was appellant, George Elliott, to whom Johnson, according to Elliott's testimony, was indebted in the sum of $200.

Appellee's husband and his brother, on the advice of counsel, approached appellant and informed him that plaintiff claimed to own the land, but it had not then been adjudged that she was its owner, but which the court later did in her action for reformation. Notwithstanding that admonition by plaintiff's husband and his brother, appellant later purchased the controverted land from

Johnson and took possession of it, followed by this ejectment action to oust him therefrom.

Much argument is made in briefs on the questions of whether or not defendant was a bona fide purchaser? whether or not he was a privy with Johnson and bound by the judgment rendered in the reformation action? and whether or not he was estopped to claim the land after being informed of plaintiff's claim of ownership before he made his purchase? But we see no reason for determining either of those questions in arriving at the proper conclusion as to who is the true owner of the small parcel of land in controversy. Learned counsel for appellant takes the position—and vigorously argues—that the deeds supra, by mentioning lots 2 and 3 in block 1 of the subdivision confined the conveyances to the boundaries of those lots as shown on the plat of the subdivision, and that the various vendees from Patterson (direct and remote) obtained no title to the intervening parcel between them and Cumberland river. But that contention is in the face of each deed in the chain of title since in each of them the immediately prior deed was referred to and the land conveyed as being the same land conveyed to the then conveying vendor by deed recorded in the Bell county clerk's office—giving the book and page—and which began with the one made by Patterson to Johnson which conveyed not only lots 2 and 3 on the plat, but also the land at the rear of them lying between Cumberland Avenue and Cumberland river. That being true, we can conceive of no possible controversy as to the amount of land that was conveyed by each vendor from and after the execution of Patterson's deed to Johnson. Therefore, when Johnson later executed his deed to plaintiff in which, in describing the land conveyed, he stated ''and being that property conveyed to R. W. Johnson of the first part by deed from Arthur L. Powers et al., bearing date May 23, 1930'' etc., he thereby conveyed to plaintiff all the land he obtained from Powers. The same broadened description was contained in Powers' deed that he obtained from Johnson, and in the latter's deed that he obtained from Patterson, as we have seen, which expressly described the land as running back across Cumberland Avenue and from thence to Cumberland river.

Johnson, when he conveyed to plaintiff described the identical boundary, so far as it related to lots 2 and

3, that Patterson described in his deed to Johnson and which he later regained when Powers, his prior vendee, reconveyed the land to him. Therefore, it was never necessary for any reformation of plaintiff's deed—but which she nevertheless obtained—since all of the conveyances following Patterson's deed to Johnson sprang from and linked up with that deed and contained the identical land described in it, which, we have seen, elongated lots 2 and 3 so as to extend them across Cumberland Avenue and continuing down to low-water mark of the Cumberland river. The court sustained plaintiff's claim and adjudged her to be the owner of the land in controversy, from which appellant prosecuted this appeal.

Our above analysis of the situation in pointing out the contents of the various deeds from Patterson to plaintiff, in framing the description of the lands conveyed in them, clearly demonstrates that the court's judgment was correct, and it is affirmed.